IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Courtney LeQuinn Durham, ) | C/A No.: 5:21-2921-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| Greenville County Detention Center and ) | |
| Trinity Food Service, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Courtney LeQuinn Durham ("Plaintiff"), proceeding pro se, is an inmate incarcerated at the Greenville County Detention Center ("GCDC"). He filed this Amended Complaint alleging a violation of his constitutional rights by GCDC and Trinity Food Services. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Amended Complaint.

I.    Factual and Procedural Background

On September 17, 2021, the court issued an order notifying Plaintiff that his original Complaint was subject to summary dismissal because he failed to allege sufficient factual allegations to state a claim against the named Defendants ECF No. 10. The order further advised Plaintiff he had 14 days (plus three mailing days) within which to file an amended complaint or otherwise cure the identified deficiencies in his pleadings. *Id*. Plaintiff filed an Amended Complaint on September 30, 2021. ECF No. 13.

In his Amended Complaint, Plaintiff alleges he was eating his lunch at GCDC on May 8, 2021, when he bit down on a screw in his food. ECF No. 13 at 5. Plaintiff claims he damaged, and

loss feeling in, his back tooth. *Id.* at 6. Plaintiff says that medical only gave him Advil and Ibuprofen for three days and that medical informed him they could only extract the tooth, not repair it. *Id.*

II.     Discussion

   A.     Standard of Review

Plaintiff filed his Amended Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has failed to allege sufficient facts to state a claim against Defendants.

Plaintiff contends his constitutional rights were violated by Defendants, who served him a meal with a screw in it. Because Plaintiff only alleges this one isolated incident, he has failed to allege sufficient facts to establish a constitutional violation. The allegations in the complaint sound in common law negligence and therefore, do not rise to the level of a constitutional violation sufficient to bring this matter under § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); *Brown v. Brock*, 632 F. App'x 744, 747 (4th Cir. 2015) (finding a single incident of finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected). Additionally, Defendant GCDC is not a person amendable to suit under 42 U.S.C. § 1983. GCDC is a collection of buildings, facilities, and grounds that do not act under color of state law. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978); *Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). Accordingly, Plaintiff's Amended Complaint should be summarily dismissed.

III.  Conclusion and Recommendation

By order issued on September 17, 2021, the undersigned gave Plaintiff an opportunity to correct the defects in his Complaint and further warned Plaintiff that if he failed to cure the

identified deficiencies, the undersigned would recommend to the district court that the action be dismissed without leave for further amendment. As discussed herein, Plaintiff's Amended Complaint fails to correct the deficiencies, and, like the original Complaint, fails to state a claim upon which relief can be granted. Accordingly, the undersigned recommends that the district court dismiss this action with prejudice. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 630 (4th Cir. 2015).

    IT IS SO RECOMMENDED.

October 5, 2021　　　　　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).